IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFERY W. SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-1437-D-BN |
| | § | |
| ELLIS COUNTY SHERIFF, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jeffrey W. Smith, then a Texas prisoner, filed in the Western District of Texas a *pro se* complaint against the Sheriff of Ellis County, Texas requesting millions of dollars in damages because the Sheriff allegedly lost or destroyed Smith's personal property, in violation of the United States Constitution and Texas law. *See* Dkt. No. 1.

After Smith's complaint was transferred to this district, Senior United States District Judge Sidney A. Fitzwater referred it to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Smith's most recent filing reflects that he is no longer in custody, *see* Dkt. No. 12, and the Court will grant Smith's motions for leave to proceed *in forma pauperis* (IFP) [Dkt. Nos. 2 & 12] through a separate order, subjecting the complaint to screening under 28 U.S.C. § 1915(e)(2).

The undersigned enters these findings of fact, conclusions of law, and

recommendation that, to the extent and for the reasons set out below, the Court should dismiss the complaint.

## Legal Standards

Section 1915(e)(2) authorizes the Court to dismiss a complaint filed IFP if it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). The pleading requirements as set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), therefore apply to the Court's screening of a complaint filed IFP.

Considering these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, just "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The burden is on the plaintiff to frame a 'complaint with enough factual

matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

But, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

So, to avoid dismissal under Section 1915(e)(2)(B)(ii), plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

## Analysis

### I. Smith fails to allege a plausible federal claim against the named defendant.

The only defendant that Smith has sued is the Sheriff of Ellis County, Texas.

But Smith alleges no conduct by the Sheriff himself. And the Ellis County Sheriff "cannot be held liable under [42 U.S.C.] § 1983 based on a theory of respondeat superior." *Diggs v. Waybourn*, No. 21-10395, 2022 WL 1421827, at *1 (5th Cir. May 5, 2022) (per curiam) (citing *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005)).

## II. Even if Smith's claims are construed as brought against an individual alleged to be personally involved, those claims do not allege a viable constitutional violation.

"The deprivation of property by persons acting under color of state law may be a violation of the Due Process Clause of the Fourteenth Amendment." *Campusano-Morales v. Austin Police Dep't*, No. A-09-CV-812-LY, 2009 WL 10713202, at *2 (W.D. Tex. Dec. 16, 2009), *rec. accepted*, 2010 WL 11652167 (W.D. Tex. Jan. 19, 2010).

But "[t]he *Parratt/Hudson* doctrine dictates that a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate post-deprivation remedy." *Brooks v. George Cnty., Miss.*, 84 F.3d 157, 165 (5th Cir. 1996) (citing *Caine v. Hardy*, 943 F.2d 1406, 1412 (5th Cir. 1991) (en banc) (discussing, in turn, *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986), and *Hudson v. Palmer*, 468 U.S. 517 (1984))).

"[T]his doctrine is most frequently applied when prisoners (or others) are deprived of their personal property but have the opportunity to seek return of their property (or be made whole) through a post-deprivation process." *LeBeouf v. Manning*, 575 F. App'x 374, 379 (5th Cir. 2014) (per curiam) (citations omitted). "In Texas, the tort of conversion generally constitutes an adequate post-deprivation

remedy." *Wyatt v. Matagorda Cnty.*, No. 3:13-CV-356, 2017 WL 908202, at *4 (S.D. Tex. Mar. 7, 2017) (citing *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994)).

And "[t]he burden is on the plaintiff to show that the State's post-deprivation remedy is not adequate." *Id.* (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)); *see also Campusano-Morales*, 2009 WL 10713202, at *2 ("[W]here the plaintiff has an adequate post-deprivation tort remedy under state law, the deprivation is not without due process of law, and therefore such an allegation fails to state a constitutional claim. Even an intentional deprivation which was made without regard to the proper procedural regulations would not violate procedural due process if the state furnished an adequate post-deprivation remedy. In Texas, the tort of conversion fulfills this requirement." (citations omitted)).

Smith alleges no facts to show that he cannot assert any construed due process allegations through a conversion action in state court. Nor does he allege facts to show that he was deprived of property under an official policy or directive. *See Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) ("Conduct is not 'random and unauthorized' for purposes of the *Parratt/Hudson* doctrine if the state 'delegated to [the defendants] the power and authority to effect the very deprivation complained of.'" (quoting *Zinermon v. Burch*, 494 U.S. 113, 138 (1990))); *Walker v. Clark*, No. 2:17-cv-221-Z-BR, 2020 WL 3979730, at *4 (N.D. Tex. June 17, 2020) ("[P]laintiff's argument is contradictory, in that he claims Miller's act was an intentional theft, which would be unauthorized taking of his property, clearly distinguishable from the facts in *Allen*. In the *Allen* case, a prison directive allowed for the seizure of the

property in a specific instance, and the plaintiff in that case was in effect challenging the fact that a prison official followed a specific prison directive."), *rec. adopted*, 2020 WL 3978371 (N.D. Tex. July 14, 2020); *Chaney v. City of Ocean Springs, Miss.*, No. 1:18cv30-HSO-JCG, 2019 WL 1140218, at \*4 (S.D. Miss. Mar. 12, 2019) ("When an ultimate policymaker in a specific area takes action in that area, her conduct may generally be construed to constitute a custom or policy of the municipality. The *Parratt/Hudson* doctrine does not apply in such situations." (citing *Woodward v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005))).

The Court should therefore dismiss the constitutional claims. *See, e.g.*, *Campusano-Morales*, 2009 WL 10713202, at \*2 ("In the present case, there are no factual allegations establishing that the private tort remedies available to Plaintiff in the Texas courts are in any way inadequate to provide him with a meaningful post-deprivation remedy for the alleged seizure of his property. Accordingly, Plaintiff's allegations regarding the loss of his property do not provide an arguable constitutional claim against the Defendant APD. The Court therefore concludes Plaintiff's complaint should be dismissed in its entirety under 28 U.S.C. § 1915(e)(2)." (footnote omitted)).

**III. Even if Smith's claims are construed as brought against an individual alleged to be personally involved and even if those claims are not subject to the *Parratt/Hudson* doctrine, Smith has not plausible alleged that he is entitled to relief.**

The few facts alleged by Smith do not allow the Court the draw a reasonable inference that any defendant is liable for the loss of his property under either the Constitution or state law. So, because Smith fails to allege facts to support a plausible

entitlement to relief, the Court should dismiss the complaint.

## Leave to Amend

The time to file objections to this recommendation (further explained below) allows Smith an opportunity to explain how the fatal pleading deficiencies identified above can be cured and thus show the Court that this case should not be dismissed with prejudice at this time and that the Court should instead grant him leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

If Smith fails to show that leave to amend should be granted, the Court should dismiss this case with prejudice.

## Recommendation

The Court should dismiss the complaint with prejudice under 28 U.S.C. § 1915(e), for failure to state a claim upon which relief may be granted, unless, within the time to file objections, Plaintiff Jeffrey W. Smith shows a basis to grant leave to amend the complaint.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 18, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE